UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:21 CR 146 |
| | ) | |
| ROBERT WOOD | ) | |

**OPINION and ORDER**

Defendant Robert Wood has moved to dismiss the Probation Office's petition for revocation of his supervised release. (DE # 61.) For the reasons that follow, defendant's motion is denied.

I. **BACKGROUND**

On August 15, 2022, defendant was sentenced to a term of 12 months and 1 day imprisonment, to be followed by a two-year term of supervised release, for the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (DE # 51.) Defendant began his term of supervised release on March 8, 2023. (DE # 54.) On September 3, 2024, the Probation Office filed a petition alleging that defendant violated several conditions of his supervised release. (*Id.*)

Defendant now argues that, despite the non-criminal nature of the alleged violations, he could be imprisoned for more than one year without being afforded the right to an indictment, a jury trial, proof beyond a reasonable doubt, the ability to confront adverse witnesses, or protection against double jeopardy, in violation of the Fifth and Sixth Amendments. (DE # 61.)

## II.  DISCUSSION

"The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment[.]" 18 U.S.C. § 3583(a). The court may, after consideration of the relevant factors, "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release[.]" 18 U.S.C. § 3583(e)(3).

The Seventh Circuit recently considered a defendant's claim that he had a right to a jury trial under the Sixth Amendment before his supervised release could be revoked under § 3583(e)(3). *United States v. Carpenter*, 104 F.4th 656-61 (7th Cir. 2024). The Seventh Circuit held that, in revocation proceedings under § 3583(e)(3), defendants are "entitled only to those procedures dictated by the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment," not those enumerated under the Sixth Amendment. *Id.* at 657; *see also United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015) ("The Sixth Amendment's protections govern 'criminal prosecutions,' but a revocation proceeding, because it focuses on the modification of a sentence already imposed and implicates the conditional (rather than absolute) liberty that the defendant enjoys as a result of that sentence, is not considered to be a stage of a criminal prosecution."(citation omitted)).

Here, defendant faces the type of "ordinary revocation" that the Seventh Circuit considered in *Carpenter*. Accordingly, the court finds that defendant is entitled to only

2

those procedures afforded to him under the Federal Rules of Criminal Procedure and the Due Process Clause.

Supervised release revocation likewise does not implicate the Constitution's prohibition against double jeopardy, as it is part of the original sentence, not a new punishment. "[S]upervised release, and the subsequent possibility of reimprisonment after a violation of that release, is a part of the original sentence imposed by the sentencing court[.]" *United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011). Defendant was sentenced to a period of imprisonment and also granted a period of "conditional liberty, the existence of which depends on [his] observation of the limits of his supervised release." *Id.* (cleaned up). The withdrawal of that conditional liberty does not implicate the Double Jeopardy Clause.

### III.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 61) is **DENIED**.

**SO ORDERED.**

Date: October 8, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT